1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY BRAZIER,

11                  Plaintiff,                    No. 2:12-cv-0883 CKD P

12          vs.

13    CDCR, et al.,

14                  Defendants.              <u>ORDER</u>

15    _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18    pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19    § 636(b)(1).  Plaintiff has consented to this court's jurisdiction.  (Dkt. No. 5.)

20          Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  I.  Screening

4          The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

25  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

26  that allows the court to draw the reasonable inference that the defendant is liable for the

1   misconduct alleged." Id.

2           In reviewing a complaint under this standard, the court must accept as true the

3   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

5   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

6   1843 (1969).

7           Here, plaintiff claims that money was taken from his inmate trust account at Deuel

8   Vocational Institution (DVI) without his consent or signature and without due process.

9   Specifically, he alleges that he received two tax refund checks in March and April 2011, totalling

10  $1267.00.  In May 2011, his trust account was frozen, and the following month, $1267.00 was

11  withdrawn from his account.  Because by this time plaintiff did not have the money to cover the

12  entire amount, a hold was placed on his account of $839.15, which he now owes.  (Dkt. No. 1 at

13  4.)

14          Plaintiff attaches a June 2011 letter from defendant E. Rodriguez, a Senior

15  Account Clerk, stating that the IRS had informed the DVI trust office that

16              a tax return check was issued to you in error.  The IRS has ordered
                . . . DVI trust to return these funds.  I have processed a bank buy
17              back from your account in order to return the funds.  This process
                takes the money out of your account and issues a check payable to
18              the IRS. . . . Your account is no longer frozen but may have a
                negative balance due to money spent from the funds you received
19              in error.

20  (Id. at 9.)  Plaintiff appealed this decision.  In a Third Level Appeal Decision issued in December

21  2011, the reviewer

22              acknowledges that the appellant was issued an IRS tax refund in
                error; therefore, a buy back was issued from the appellant's trust
23              account to return the funds to the IRS. . . . The fact remains that the
                appellant received the funds and then spent them very quickly. . .
24              The TLR notes that citizens are not entitled to keep funds when a
                government entity makes a clerical error and the appellant is not
25              immune from this requirement.

26  (Id. at 7.)  Plaintiff's administrative appeals having been denied, he seeks "a letter of reprimand

                                                    3

1  to be placed in the permanent file of whoever is responsible" and "to have all the money that was

2  taken from my account in the last 8 months replaced, as well as $1,000,000.00 in damages." (Id.

3  at 3.)

4          While an authorized, intentional deprivation of property is actionable under the

5  Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a

6  prison official is actionable if a meaningful post-deprivation remedy is available for the loss.

7  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.

8  1984).  Whether the cause of the property loss or damage was intentional and unauthorized or

9  negligent, Due Process is satisfied if there is a meaningful post-deprivation remedy available to

10  plaintiff.  Hudson, 468 U.S. at 533.

11          Plaintiff names five defendants: CDCR; Warden S.M. Salinas; Chief Deputy

12  Warden R. J. Rackey; Business Service Manager E. Miramentes; and Senior Account Clerk E.

13  Rodriguez.  For the reasons discussed below, he fails to state a cognizable due process claim

14  against any defendant.

15          As to defendant CDCR, plaintiff's claims are barred by the doctrine of sovereign

16  immunity.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

17  parties against a state or state agency unless the state or the agency consents to such suit.  See

18  Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);

19  Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of

20  California has not consented to suit.  Accordingly, plaintiff's claim against CDCR is frivolous

21  and must be dismissed.

22          As to defendant Warden Salinas, plaintiff has failed to allege his direct

23  involvement in the incidents described.  Supervisory personnel are generally not liable under

24  § 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

25  when a named defendant holds a supervisorial position, the causal link between him and the

26  claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

1 | 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442

2 | U.S. 941 (1979).  Thus plaintiff's claims against these defendants must also be dismissed.

3 |       As to the three remaining defendants, plaintiff claims that Miramentes placed a

4 | hold on his trust account in May 2011.  He claims that his appeals seeking reimbursement were

5 | denied at the first level by Rodriguez and at the second level by Rackey.  (Dkt. No. 1 at 4; <u>see id</u>.

6 | at 9 (Rodriguez memorandum).)  However, attachments to the complaint make clear that these

7 | CDCR employees were following the directive of the IRS.  In a May 11, 2011 letter to DVI staff,

8 | a Supervisory Tax Examiner with the IRS stated that refund checks for several inmates had been

9 | issued in error, and asked correctional staff to "return these checks to the Tax Examiner."  (<u>Id</u>. at

10 | 10.)  Plaintiff also attaches a November 17, 2011 letter from the IRS Service Center in Kansas

11 | City, Missouri stating: "Our records do not show any refund checks being returned to us."  (<u>Id</u>. at

12 | 11.)  Thus it is unclear when or if the funds from plaintiff's trust account were returned to the

13 | IRS.

14 |       However, the court finds that, in light of the circumstances set forth in the

15 | complaint and attached documents, the alleged actions of Miramentes, Rackey, and Rodriguez do

16 | not rise to a violation of plaintiff's federal due process rights.  Plaintiff's complaint will be

17 | dismissed and he will be granted leave to file an amended complaint within 30 days of service of

18 | this order.

19 | II.  <u>Motion for Preliminary Injunction</u>

20 |       On June 27, 2012, plaintiff filed a motion for preliminary injunction.  He seeks a

21 | court order setting aside all holds on his prison trust account "until a decision is made by the

22 | courts."  (Dkt. No. 8.)

23 |       The legal principles applicable to a request for injunctive relief are well

24 | established.  To prevail, the moving party must show either a likelihood of success on the merits

25 | and the possibility of irreparable injury, or that serious questions are raised and the balance of

26 | hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122

F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

Here, plaintiff has not shown a likelihood of success on the merits because, as discussed above, he has failed to state a cognizable claim against any defendant. Therefore his motion for injunctive relief will be denied.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's June 27, 2012 motion for preliminary injunction (Dkt. No. 8) is denied.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: July 18, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
braz0883.B

7