IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BRAZIER,

        Plaintiff,                    No. 2:12-cv-0883 CKD P

    vs.

CDCR, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction. (Dkt. No. 5.)

        On July 18, 2012, the court dismissed plaintiff's original complaint for failure to state a claim and granted leave to file an amended complaint. On August 6, 2012, plaintiff filed a first amended complaint (FAC), and subsequently filed a supplement to the complaint. (Dkt. Nos. 12, 13.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
2 U.S.C. § 1915A(b)(1),(2).

3   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
7 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9 Cir. 1989); Franklin, 745 F.2d at 1227.

10   A complaint must contain more than a "formulaic recitation of the elements of a
11 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13 "The pleading must contain something more...than...a statement of facts that merely creates a
14 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
15 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
16 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
17 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
18 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content
19 that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." Id.

21   In reviewing a complaint under this standard, the court must accept as true the
22 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
23 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
24 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
25 1843 (1969).

26 \\\\\

As in the original complaint, plaintiff claims that prison officials at Deuel Vocational Institution (DVI) violated his due process rights by removing funds from his inmate trust account pursuant to a memorandum by the IRS, which stated that plaintiff's trust account had been erroneously credited with a tax refund. Having analyzed this claim in its screening order of July 18, 2012, the court concludes that the FAC does not cure the deficiencies of the original complaint. Plaintiff argues that prison officials required a "court order" to place a lien on his trust account after the IRS notified them of its error, but this is not the case.

The United States Supreme Court has held that an authorized deprivation of property pursuant to prison regulations is valid if reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987); see also Thompson v. Swarthout, 2012 WL 1682029, *3 (E. D. Cal. May 14, 2012) (same). For example, the Ninth Circuit has held that California Penal Code § 2085.5, which requires the Director of the California Department of Corrections and Rehabilitation to make deductions from prisoner wage and trust account deposits for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims. See Craft v. Ahuja,, 2012 WL 688411 at *1 (9th Cir. Feb.29, 2012) (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); see also Abney v. Alameida, 334 F.Supp. 2d 1221, 1231–32 (S.D. Cal. 2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights). Based on the record before it, the court concludes that prison officials' deduction of funds from plaintiff's trust account pursuant to an IRS directive was reasonably related to legitimate interests under Safely. Thus plaintiff fails to state a cognizable due process claim.

Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of

1 | the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
2 | prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
3 | amendment.'" Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).
4 |         Here, it appears that a second round of amendment would be futile. Plaintiff's
5 | allegations concerning the withdrawal from his inmate trust account of funds issued in error by
6 | the IRS simply do not rise to the level of a federal constitutional claim. Accordingly the court
7 | will dismiss this action with prejudice.
8 |         In accordance with the above, IT IS HEREBY ORDERED that the First Amended
9 | Complaint (Dkt. No. 12) is dismissed with prejudice.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
braz0883.FAC