UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BRAZIER,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>            Defendants. | No.  2:12-cv-0883 CKD P<br><br><u>ORDER</u> AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

I.  <u>Introduction</u>

     By order filed June 19, 2014, plaintiff was granted thirty days to file an opposition to defendant's pending motion for summary judgment (ECF No. 47).  The thirty day period has now expired, and plaintiff has not responded to the court's order.  Moreover, having reviewed plaintiff's own motion for summary judgment (ECF No. 44), the court concludes that it fails to create a genuine dispute of material fact.  See <u>Fair Housing Council of Riverside County, Inc. v. Riverside Two</u>, 249 F.3d 1132, 1136 (9th Cir. 2001).  The undersigned reviews the merits of the parties' cross-motions below.

/////

/////

1

II. <u>Motions for Summary Judgment</u>

This prisoner action brought pursuant to 42 U.S.C. § 1983 proceeds on the Second Amended Complaint (SAC) (ECF No. 29), in which plaintiff alleges that defendant Miramontes removed $1267.00 from his inmate trust account without "the proper procedural safeguards" or giving him an "opportunity to be heard." (<u>Id.</u>) Plaintiff alleges that he had "a full ownership interest in the tax refunds credited to [his] inmate trust account" when these funds allegedly were removed by Miramontes. (<u>Id.</u>) The undersigned found the SAC to state a procedural due process claim against Miramontes. (ECF No. 33.)

A. <u>Facts</u>

The following facts are undisputed:

Plaintiff is a former state prisoner who, during the relevant period in 2011, was incarcerated at Deuel Vocational Institution (DVI) in Tracy, California. (DUF 1.) At that time, defendant was the Correctional Business Manager at DVI. (DUF 2.) In 2011, defendant supervised the Accountant I Supervisor who was the department head of the DVI trust office. (DUF 3.) Defendant's job duties did not include processing checks or corresponding with the Internal Revenue Service (IRS). (DUF 4.)

Under CDCR policy and Penal Code section 5008, inmate funds are kept in inmate trust accounts, which are administered by the trust office at each institution. (DUF 5.) For tax refund checks, the procedure is to follow Title 15 and the Department Operations Manual (DOM) and verify all tax refunds before they are deposited. (DUF 6.)

In 2011, plaintiff received two tax refund checks totaling $1,267.00. The first, for $829.00, was deposited on March 4, 2011. The second, for $438.00, was deposited on April 15, 2011. (DUF 7-9; ECF No. 44 at 2.)

On May 11, 2011, an Account Clerk II at DVI sent a fax to the IRS to verify that the checks were valid. (DUF 10.) The IRS responded that the checks were issued in error and requested that the checks be returned. (DUF 11; <u>see</u> Miramontes Decl., Ex. A, ECF. No. 47-4.)

/////

/////

On June 10, 2011, a total of $1,267.00 was withdrawn from plaintiff's trust account and returned to the IRS.[1]  (DUF 12.)  The funds were removed without plaintiff's "consent, signature, or court order."  (ECF No. 44 at 2.)  Nor was plaintiff afforded a hearing on whether the funds should be removed.  (Id. at 3.)

Defendant did not learn of the transactions involving plaintiff's account until after they had happened.  (DUF 13.)  On July 20, 2011, plaintiff was interviewed regarding CDCR 602 Appeal No. DVI-11-783 concerning the withdrawals from his account.  As Acting Associate Warden for Business Services, in her role as reviewer at the first level, defendant signed the appeal decision.  (ECF No. 44 at 9.)  Neither party submits this appeal decision as evidence.  (But see ECF No. 1 at 7-8 (Third Level Appeal Decision on Appeal No. DVI-11-783).)

B.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

---

[1] A "restitution fine payment" of $178.02 also was removed from plaintiff's inmate trust account on that day.  (Ebert Decl., ECF No. 47-5.)

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C. Analysis

"A procedural due process claim hinges on proof of two elements: (1) a protectable liberty or property interest . . . ; and (2) a denial of adequate procedural protections." Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005).  Protected property interests are not created by the Constitution, but by "existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Guatay Christian Fellowship v. County of San Diego, 670 F.3d 957, 985 (9th Cir. 2011), citing Thornton, 425 F.3d at 1164; Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  "The mere fact that a person has received a government benefit in the past, even for a considerable length of time, does not, without more, rise to the level of a legitimate claim of entitlement." Thornton, 425 F.3d at 1164, citing Douran v. Houle, 721 F.2d 1182, 1186 (9th Cir. 1983).

/////

1    Here, plaintiff has not shown a protected property interest in the $1,267.00 in tax refunds
2    deposited in his inmate trust account in March and April 2011, and withdrawn in June 2011
3    pursuant to an IRS directive saying the refunds were "issued in error."[2] (Miramontes Decl, Ex.
4    A., ECF. 47-4 at 4.)  While plaintiff's mere allegation that he had "a full ownership interest" in
5    the funds was sufficient at the pleading stage (see ECF No. 33 at 2), on summary judgment he has
6    not produced any evidence that the refunds were anything but administrative mistakes, soon
7    corrected.  While the funds were issued by the government and briefly credited to plaintiff's trust
8    account, this alone does not suffice to show a protected property interest.[3]

    Based on the foregoing, the undersigned concludes that plaintiff's motion for summary
judgment should be denied, and defendant's motion for summary judgment should be granted.

    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

    IT IS HEREBY RECOMMENDED that:

    1.  Plaintiff's motion for summary judgment (ECF No. 44) be denied;

    2.  Defendant's motion for summary judgment (ECF No. 47) be granted; and

    3.  This case be closed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are

---

[2] See Internal Revenue Manual § 21.4.5 ("Erroneous Refunds"), available at http://www.irs.gov ("The recipient of an erroneous refund has a legal obligation to repay the amount to the IRS.")

[3] Moreover, it is undisputed that defendant did not remove the funds from plaintiff's account or, indeed, learn of the withdrawal until after it occurred.  Supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged and proven.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

1 advised that failure to file objections within the specified time may waive the right to appeal the

2 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 Dated:  August 21, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / braz0883.sj